## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY | ) |
| PROJECT, | ) |
| 1612 K. St. NW, Suite #1100 | ) |
| Washington DC, 20006 | ) |
| | ) |
| ZACK KOPPLIN, | ) |
| 832 Valence St. | ) |
| New Orleans, LA 70115 | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES ENVIRONMENTAL | ) |
| PROTECTION AGENCY | ) |
| 1200 PENNSYLVANIA AVENUE, | ) |
| N.W. WASHINGTON, D.C. 20460 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1.      Plaintiffs GOVERNMENT ACCOUNTABILITY PROJECT and ZACK KOPPLIN bring this suit to overturn Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY's failure to produce records related to gag orders as well as records related to climate change.

## PARTIES

2.      Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT is a non-profit organization serving the public by protecting government and corporate whistleblowers who expose wrongdoing.

3.      Plaintiff ZACK KOPPLIN is an investigator at GAP.  KOPPLIN has worked on a wide range of issues, including immigration, civil liberties, and labor rights.  His work has been

published in a variety of outlets including Politico Magazine, The Atlantic, Slate, The Daily Beast, and The Guardian.

4.    Defendant ENVIRONMENTAL PROTECTION AGENCY (EPA) is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

5.    This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

6.    Venue is proper under 5 U.S.C. § 552(a)(4)(B) because this District is always a permissible venue or federal FOIA suits.

**GAP'S APRIL 4 REQUEST**

7.    On April 4, 2017, GAP submitted a FOIA to the EPA for any and all emails referencing the phrase "gag order" since 1/20/2017. Ex. A.

8.    On April 4, 2017, the EPA acknowledged receipt of the April 4 request and assigned it Tracking Number EPA-HQ-2017-005723. Ex. B.

9.    On July 7, 2017 the EPA contacted GAP about the request, stating that it had not yet responded to the request due to the large routine number of FOIA requests it received.  Ex. C.

10.    As of the date of filing, GAP has received no further communication from EPA regarding this request and EPA has produced no responsive records.

**KOPPLIN'S JUNE 30 FOIA REQUEST**

11.    On June 30, 2017, KOPPLIN requested any and all documents referencing the phrases "red team" and "blue team," as well as documents containing the phrases "critique climate change," or "critiquing climate change" since 1/20/2017. Ex. D.

12.    On July 27, 2017, EPA acknowledged receipt of the June 30 request and assigned it Tracking Number EPA-HQ-2017-009008. EPA stated that the June 30 request did not reason-

ably define the records sought and requested to know which custodians to query for records. Ex. E.

13.     On August 2 and August 3, 2017, KOPPLIN exchanged emails with EPA and narrowed the request to the Administrator's Office, along with staff hired or assigned to implement these policies. Ex. F.

14.     As of the date of filing, KOPPLIN has received no further communication from EPA regarding this request and EPA has produced no responsive records.

## COUNT I – EPA'S APRIL 4 VIOLATION OF FOIA

15.     The above paragraphs are incorporated by reference.

15.     Defendant EPA is an agency subject to FOIA.

16.     The requested records are not exempt under FOIA.

17.     EPA has refused to produce the requested records in a timely manner.

## COUNT II – EPA'S JUNE 30 VIOLATION OF FOIA

18.     The above paragraphs are incorporated by reference.

19.     Defendant EPA is an agency subject to FOIA.

20.     The requested records are not exempt under FOIA.

21.     EPA has refused to produce the requested records in a timely manner.

**WHEREFORE,** Plaintiffs ask the Court to:

i.     Order Defendant to produce the requested records;

ii.    Award Plaintiffs attorney fees and costs; and

iii.   Enter any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*_____

Attorneys for Plaintiffs
GOVERNMENT ACCOUNTABILITY
PROJECT,
ZACK KOPPLIN

Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com
joshb@loevy.com

**Green, LindaE**

| | |
|---|---|
| **From:** | Zack Kopplin <ZackK@whistleblower.org> |
| **Sent:** | Tuesday, April 04, 2017 10:36 AM |
| **To:** | FOIA HQ |
| **Subject:** | FOIA |

**Government Accountability Project**

4/3/2017

Zack Kopplin, GAP Investigator
832 Valence Street
New Orleans, Louisiana 70115
225-715-5946

Re:  FOIA Request

Dear Freedom of Information Officer:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I am requesting any and all documents and records, as defined by the Act, that are not currently in the public domain, related to:

Emails referencing the phrase "gag order" since 1/20/2017.

In addition, I would ask that you search for any records generated in connection with topics listed above that raised or were responding to compliance of 5 U.S.C.§ 2302(b)(8).

Thank you very much for your assistance.

If any of the material covered by this request has been destroyed or removed, please provide all surrounding documentation including, but not limited to, a description of the action taken regarding the materials and justification for those actions taken. For any documents or portions you deny due to a specific FOIA exemption, please provide a detailed justification of your grounds for claiming such exemption, explaining why the exemption is relevant to the document or portion of the document withheld.

The Government Accountability Project requests that all fees incurred in connection with the attached request be waived, because "disclosure of the information is in the public interest and is not primarily in the commercial interest of the requester." 5 U.S.C. §552 (a)(4)(A)(iii).

In my individual capacity, I also request fees be waived because as an investigator for the Government Accountability Project, I am primarily involved in gathering information about alleged and actual government activity and disseminating it to the public. I have written for a wide variety of national and international news outlets, including *The Atlantic, Slate Magazine, Politico Magazine, Science Magazine*, the *Daily Beast*, and *The Guardian*, and will disseminate what I receive in the news media.

**The Government Accountability Project consents to the deletion of any material that would violate an individual's rights under the Privacy Act.** We will work with your office to prioritize responsive data for this request, further refine the request if you find any terms too imprecise, conduct searches for unclassified responsive records, or engage in any other reasonable activities that would lessen the agency's burden and costs.

**The Requesters' Public Interest Status and History**

**Exhibit A**

GAP is a non-profit, non-partisan, public interest organization chartered under IRS Code §501 (C)(3) as a non-profit, educational and charitable organization. We seek to serve the public through achieving governmental accountability by protecting and encouraging federal and corporate employees who observe or are victimized by wrongdoing, gross waste of public funds, threats to public health and safety, environmental contamination, corruption, abuse of the public trust and other abuses of power.

GAP accomplishes these goals primarily by conducting advocacy campaigns before Congress, through the media, and for the general public and by providing legal representation to whistleblowers to combat the retaliation they have suffered in exercising their right of occupational free speech. Our twin aims are to promote corporate and government accountability and to expose, investigate, and correct substantive problems that formed the basis of protected whistleblowing disclosures. GAP's role is well-recognized by the courts and, as an organization, has informational standing under the First Amendment protecting its receipt of disclosed information. Taylor v. RTC. 56 F.3d 1437 (D.C. 1995); United States v. Garde, 573 F. Supp. 604 (D.D.C. 1987); ~ Generally Virginia Pharmacy Bd. v. Virginia Consumer Council, 425 U.S. 748, 756-57 (1976).

GAP has a 20-year history of working in the public interest. GAP does not take individual cases based on the client's ability to pay, how much money GAP believes it can recover in legal fees through litigation or any other commercial interest. Rather, GAP takes cases of legitimately harassed whistleblowers, often pro-bono (without charge), that further public policy or legislative changes that make the law stronger for workers who witness and choose to tell the truth about corporate and taxpayer-financed wrongdoing and to pursue exposure and resolution of the wrongdoing. It is through this work and with the help of whistleblowers that GAP has, among other things, pushed for enactment of several whistleblower protection statutes, exposed unhealthy food at supermarket chains, pushed for independent reviews of the safety of the Alaska pipeline, exposed the threat of explosion in waste tanks at the Hanford nuclear site, and pushed for policy reform within numerous executive agencies. All this activity is done primarily with the interest of the public in mind.

### Dissemination of the Requested Information

In our efforts to promote government accountability, GAP works closely with Members of Congress, the media, and the public to alert them to irregularities. The information requested will be used in connection with a campaign aimed at key decision-makers at the federal level, the general public, and self-selected subscribers. More specifically, GAP will publicize the responsive records so that all federal employees who seek assistance at OSC can be fully-informed about the office's methods for investigating their complaints.

The combined circulation and viewer-base of our national, regional, and self-subscribed outlets ensure that the information will, indeed, be widely distributed to diverse segments of the public who will benefit from knowing the manner in which OSC investigates complaints, and the efforts that OSC has taken to ensure the highest quality training and instruction for its staff. As a consequence, public understanding and trust of government operations will certainly be enhanced.

### Non-commercial use of the Requested Information

Disclosure of this information by GAP is in no way connected with any commercial interest since GAP is a non-profit, tax-exempt organization under § 501 (c)(3) of the IRS Code. The information we are seeking is crucial to advance public knowledge and will not be put to any commercial use.

Please be reminded that under the Freedom of Information Act, we are entitled to a response to this request within twenty working days. Should this request be denied for any reason, we ask that a detailed explanation be provided along with the name of the person to whom administrative appeals should be addressed.

Thank you in advance for your assistance and cooperation,

Zack Kopplin, Investigator and Outreach Associate
Government Accountability Project
225-715-5946

**Subject:** FOIA Request EPA-HQ-2017-005723 Submitted

**Date:** Tuesday, April 4, 2017 at 3:31:16 PM Central Daylight Time

**From:** foia_hq@epa.gov

**To:** Zack Kopplin

This message is to confirm your request submission to the FOIAonline application: <u>View Request</u>. Request information is as follows:

- Tracking Number: EPA-HQ-2017-005723
- Requester Name: Zack Kopplin
- Date Submitted: 04/04/2017
- Request Status: Submitted
- Description: Requesting emails referencing the phrase "gag order" since 1/20/2017.

**Exhibit B**

**Subject:** EPA-HQ-2017-005723
**Date:** Friday, July 7, 2017 at 10:39:36 AM Central Daylight Time
**From:** White, Candace
**To:** Zack Kopplin

Hello Mr. Kopplin,

I'm from EPA's Office of Public Affairs and I'm contacting you to give you a status update on your
FOIA Request EPA-HQ-2017-005723.  I wanted to let you know that we were still working on your
FOIA request and that we had not forgotten about it.

As you can imagine, the Office of Public Affairs, which is where your FOIA has been assigned, is
absolutely swamped with FOIA requests.  And, similarly, our E-Discovery services have been
overwhelmed by an unprecedented number of FOIA requests.

While I don't have an estimate about when we'll be done with your FOIA request, I wanted to assure
you that we're diligently working on your request.

If you have any questions, or want to check in on the status of your FOIA request in the future,
please feel free to contact me

Thank you so much!


Kind Regards,
Candy


# Candace S White

Program Analyst
Office of Public Affairs
U.S. Environmental Protection Agency
202-564-4308 Desk
202-731-3188 Cell
white.candace@epa.gov

*Start where you are. Use what you have. Do what you can - Arthur Ashe*

**Exhibit C**

## Request Details

**Tracking Number :** *EPA-HQ-2017-009008*



Submitted — Evaluation — Assignment — Processing — Closed

### Request Information

Full Name : Mr. Zachary Kopplin

Organization : N/A

Date Submitted : 06/30/2017

Estimated Date of Completion : September 6, 2017

Final Disposition : Undetermined

## Description :

Any and all documents that reference "red team" and "blue team" in the same document. Also any documents referencing "critiquing climate change" or "critique climate change." I request the search begin from 1/20/17.

### Released Records 

No records have been released.

**Exhibit D**



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

July 27, 2017

OFFICE OF THE
EXECUTIVE SECRETARIAT

Mr. Zachary Kopplin
832 Valence Street
New Orleans, LA 70115

Dear Mr. Kopplin:

This letter is in response to your Freedom of Information Act (FOIA) request, EPA-HQ-2017-009008, submitted June 30, 2017, filed with the U.S. Environmental Protection Agency. Your request seeks "Any and all documents that reference "red team" and "blue team" in the same document. Also any documents referencing "critiquing climate change" or "critique climate change." I request the search begin from 1/20/17."

Unfortunately, EPA cannot process your request at this time as it does not reasonably define a set of records to search as required by the FOIA and EPA regulations. 5 U.S.C. § 522(a)(3); 40 C.F.R. § 2.102(c). EPA regulations state that "whenever possible requesters should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter," and also that "[t]he more specific you are about the records or type of records you want, the more likely EPA will be able to identify and locate records responsive to your request." 40 C.F.R. § 2.102(c).

Your request fails to provide important details such as which custodians in EPA you are interested in receiving documents from. The EPA will not conduct a global search of all Agency employees. Federal courts have held that "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors" and that agencies are not required to spend "countless numbers of personnel hours seeking needles in bureaucratic haystacks." *United States Department of Justice Guide to the Freedom of Information Act, 2009 Edition at 47-48.*

The EPA, however, is committed to assisting you. You may contact Victor Farren at farren.victor@epa.gov or (202) 564-0808 to clarify your request. You may also withdraw and resubmit your request with sufficient specificity to allow EPA to search for responsive records. Please be aware that if we have not heard from you within two (2) weeks of the date of this letter, we will assume that you are no longer interested in pursuing your request, and this file will be administratively closed.

If you consider this to be a denial, you may appeal this determination with an email to hq.foia@epa.gov or by writing to the National Freedom of Information Act Officer at:

**Exhibit E**

U.S. Environmental Protection Agency
William Jefferson Clinton Federal Building
Records, FOIA and Privacy Branch
1200 Pennsylvania Avenue, NW (2822T)
Washington, D.C. 20460

Please note that correspondence mailed through only the U.S. Postal Service can be delivered to the address above. If you would like to deliver your appeal in person, via courier service or via an overnight-delivery service, you must address your correspondence to 1301 Constitution Avenue, NW, Room 6416J, Washington, D.C. 20001.

Your written appeal must be received no later than 90 calendar days from the date of this letter and should include the request number listed above. The EPA will not consider appeals received after the 90 calendar-day limit. In addition, appeals received after 5 p.m. Eastern time are considered as having been received the next business day. For the quickest possible handling, the subject line of your email or the appeal letter and its envelope should be marked "Freedom of Information Act Appeal."

Additionally, you may seek dispute-resolution services from the EPA's FOIA public liaison at hq.foia@epa.gov or (202) 566-1667 or from the National Archives and Records Administration's Office of Government Information Services. You may contact the Office of Government Information Services with an email to ogis@nara.gov; by calling toll free (877) 684-6448 or (301) 837-1996; with a fax to (301) 837-0348; or by mail to National Archives and Records Administration, Office of Government Information Services, 8610 Adelphi Road, Room 2510, College Park, Maryland 20740-6001.

Sincerely,

Victor Farren
Attorney Advisor
U. S. Environmental Protection Agency
Office of the Executive Secretariat
(202) 564-0808

**Subject:** Re: FOIA EPA-HQ-2017-009008
**Date:**     Thursday, August 3, 2017 at 8:21:14 PM Central Daylight Time
**From:**     Zack Kopplin
**To:**       Farren, Victor

Oops, brain fart, you are correct

---

**From:** "Farren, Victor" <Farren.Victor@epa.gov>
**Date:** Thursday, August 3, 2017 at 4:00 PM
**To:** Zack Kopplin <ZackK@whistleblower.org>
**Subject:** RE: FOIA EPA-HQ-2017-009008

Zack,

Thank you for your clarification.  By Secretary's Office I assume you mean the Office of the Administrator.
Please correct me if I am wrong.

Regards,


Victor J. Farren
Attorney-Advisor
U. S. Environmental Protection Agency
Office of the Executive Secretariat
(202) 564-0808

---

**From:** Zack Kopplin [mailto:ZackK@whistleblower.org]
**Sent:** Wednesday, August 02, 2017 4:45 PM
**To:** Farren, Victor <Farren.Victor@epa.gov>
**Subject:** FOIA EPA-HQ-2017-009008

Hi Victor,

I'm writing because you asked me to clarify my FOIA EPA-HQ-2017-009008. I'm not exactly sure which offices
to search for the references to red team/blue team, but I was specifically referencing these news accounts.

https://www.nytimes.com/2017/06/30/climate/scott-pruitt-climate-change-red-team.html

I imagine you would start with the Secretary's Office and any staff he tasked to implement this.

In terms of the "critiquing climate change" I was looking for a general keyword search, but if it helps, you can
limit it to the same offices who are involved in the red team/blue team exercise, the Secretary's Office, and
new hires since 1/20/17, who aren't doing basic administrative work (e.g the political staff and the scientists
are what I'm interested in).

Does that help?

**Exhibit F**